PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4397

UNITED STATES OF AMERICA,

    Plaintiff – Appellant,

v.

DARRIN ALONZO MILLER,

    Defendant – Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:21-cr-00261-1)

Argued: January 27, 2023                                               Decided: March 6, 2023

Before AGEE, QUATTLEBAUM, and RUSHING, Circuit Judges.

Reversed and remanded by published opinion. Judge Agee wrote the opinion in which Judge Quattlebaum and Judge Rushing joined.

**ARGUED:** Jennifer Rada Herrald, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellant. Wesley P. Page, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellee. **ON BRIEF:** William S. Thompson, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellant. Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellee.

AGEE, Circuit Judge:

Prior to Darrin Miller's criminal trial for transferring obscene material to a minor, the district court relied on Federal Rule of Evidence 403 to exclude evidence that the recipient of the allegedly obscene material was Miller's fourteen-year-old sister. The Government appeals, asserting that the court abused its discretion in excluding the evidence because it relates to elements of the offense and is necessary for the Government to tell the complete story of how the crime occurred. Considering the evidence's high probative value and minimal risk of unfair prejudice, we find that the district court plainly abused its discretion in excluding the evidence. We therefore reverse and remand.

I.

The district court granted Miller's motion in limine to exclude the evidence of Miller's relationship with his victim under Rule 403,[1] which provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[2] Fed. R. Evid. 403. This Rule "is a rule of inclusion, generally favoring admissibility." *United States v. Udeozor*, 515 F.3d 260, 264–65 (4th Cir. 2008) (cleaned up). In other words, "[w]here evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only

---

[1] The district court also excluded the evidence on relevance grounds, which Miller concedes was an error. We agree and therefore do not consider that ground further.

[2] We do not address the other grounds for exclusion under Rule 403 because Miller concedes he relies solely on the risk of unfair prejudice on appeal.

2

sparingly.'" *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)).

In order to exclude evidence under Rule 403's high bar, it must be unfairly prejudicial. "'[U]nfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground *different from proof specific to the offense charged*." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (emphasis added). In contrast to such unfairly prejudicial evidence, we have found prejudicial evidence admissible when it "directly establishe[s] an element of the offense." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) (recognizing that "[e]vidence that is highly probative [to establishing an element of the offense] invariably will be prejudicial to the defense," but that "damage to a defendant's case is not a basis for excluding probative evidence"); *see United States v. Dunford*, 148 F.3d 385, 394–96 (4th Cir. 1998) (concluding that the district court did not abuse its discretion in admitting evidence related to an element of the offense over defendant's Rule 403 challenge that its admission would unfairly prejudice the jury against him and that he had already stipulated to certain related facts).

When performing the evaluation required by Rule 403, the court must keep in mind "the offering party's need for evidentiary richness and narrative integrity in presenting a case." *Old Chief*, 519 U.S. at 183. In light of this standard, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Id.* at 186–87. In other words, "a defendant's Rule 403 objection

3

offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." *Id.* at 183.

For instance, in *Dunford*, following these rules, we upheld the admission of prejudicial evidence going to an element to which the defendant was willing to stipulate when the challenged evidence "related not to facts far removed in time from the [charged crime]" but rather was part of an "'eventful narrative,'—a relevant part of the very transactions leading to [the defendant's] arrest and indictment in *this case*." 148 F.3d at 396 (internal citation omitted). We reasoned that allowing "contemporaneous evidence relevant both to the context and to the crime is not the type of prejudice that Federal Rule of Evidence 403 addresses" and "the general rule that the defendant cannot stipulate away the government's case applies." *Id.*; *see also United States v. Bajoghli*, 785 F.3d 957, 963–64 (4th Cir. 2015) (explaining that while a district court "retains broad-ranging discretion to manage trials and limit proof[,] . . . its discretion must be balanced by the need to give the government adequate latitude to prove its case").

II.

With this baseline for understanding the relevant law, we turn to the undisputed facts in the case before us. While Miller was imprisoned for an unrelated conviction, he sent a predatory, sexually explicit letter to his fourteen-year-old sister describing his fantasy of sexual activity with her. He was then indicted for violating 18 U.S.C. § 1470, which prohibits "using the mail or any facility or means of interstate or foreign commerce" to "knowingly transfer[] obscene matter to another individual who has not attained the age

4

of 16 years, knowing that such other individual has not attained the age of 16 years, or attempt[ing] to do so."

Before trial, Miller sought to stipulate that he knew he was transferring the letter to an individual under the age of sixteen. However, the Government refused to accept the stipulation and indicated that it intended to call a police officer to testify as to *how* Miller knew the victim was fourteen years old (namely, because they were siblings). The Government asserted that the testimony was relevant to prove that Miller knew the victim was under the age of sixteen and that the letter was obscene because it was "written to and graphically describe[d] sexual activity between defendant, a then 38-year-old man, and his 14-year-old *sister*." J.A. 49.

Miller filed a motion in limine seeking to preclude the admission of the Government's proposed evidence. The district court granted the motion, reasoning that evidence beyond the letter—including evidence of Miller's relationship with the victim— was inadmissible under Rule 403. The Government appealed,[3] arguing that the evidence (1) is probative because it relates to elements of the offense and the narrative of the crime, and (2) is not unfairly prejudicial because direct evidence of the elements of the crime and the context in which the crime occurred cannot unfairly prejudice a defendant. We address each argument in turn, bearing in mind that we review evidentiary rulings under Rule 403

---

[3] We have jurisdiction under 18 U.S.C. § 3731, which authorizes the Government to appeal a district court's decision to exclude evidence under certain circumstances, upon certification by the U.S. Attorney that the appeal is not taken for an improper purpose. *See* J.A. 45 (certification).

for plain abuse of discretion, and typically give "wide discretion" to the district court to determine admissibility under Rule 403. *Udeozor*, 515 F.3d at 265 (explaining that this Court may overturn a district court's Rule 403 decision only "under the most extraordinary circumstances" (quoting *United States v. Williams*, 445 F.3d 724, 732 (4th Cir. 2006))).

III.

A.

The Government contends that the evidence is highly probative because it establishes two elements of the offense—that Miller knew the victim's age and that the letter is obscene—and is contemporaneous evidence of what law enforcement discovered in connection with the crime. We agree.

First, under the Rule 403 balancing test, the evidence is highly probative because it goes directly to elements of the offense. *See Grimmond*, 137 F.3d at 833 (finding no abuse of discretion in the admission of evidence under Rule 403 where it "directly established an element of the offense"); *Bajoghli*, 785 F.3d at 966 (explaining that once it is shown that "evidence is probative of an element of the crime charged, 'the balance under Rule 403 should be struck in favor of admissibility'" (quoting *Aramony*, 88 F.3d at 1378)). The Government's proffered evidence would strongly suggest that Miller knew the victim was under the age of sixteen because they were siblings.

Miller's willingness to stipulate to his knowledge of the victim's age does not reduce the probative value of the evidence. The Supreme Court has said that alternative evidence only "discount[s] the value of the item first offered" if the alternative has "substantially the

6

same or greater probative value." *Old Chief*, 519 U.S. at 182–83. That is not the case here, where the stipulation that Miller knew the victim was fourteen years old would "be no match for the robust evidence" the Government seeks to admit about *how* he knew that fact. *Id.* at 189. For that reason, in *Dunford*, this Court held that the district court did not abuse its discretion in admitting evidence of drug use where the evidence was "contemporaneous evidence relevant both to the context and to the crime" such that "the general rule that the defendant cannot stipulate away the government's case applie[d]." 148 F.3d at 396.[4]

In addition, the evidence could assist the jury in determining whether the material is obscene. As Miller acknowledges, there is a "taboo against incest" in society, Resp. Br. 6 (citation omitted), such that evidence that Miller sent a sexually explicit letter *to his sister* may inform the jury as to whether the letter is obscene, *i.e.*, whether it appeals to a shameful and prurient interest in sex. *See Miller v. California*, 413 U.S. 15, 24 (1973) (defining obscenity as "works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value"); *United States v. Guglielmi*, 819 F.2d 451, 455 (4th Cir. 1987) (indicating that "appeals to or provokes a prurient

---

[4] Further, Miller agrees that the Government cannot be forced into a stipulation, yet that is the precise result if the district court's ruling is upheld. The Government will be required to enter the stipulation or else it will not be able to introduce evidence on a necessary element of the crime charged: that Miller knew the victim was under the age of sixteen. *See Old Chief*, 519 U.S. at 189 (describing "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away").

7

interest" refers to material that appeals to a "'shameful or morbid interest in nudity, sex or excretion'" (quoting *Roth v. United States*, 354 U.S. 476, 487 n.20 (1957))).

Although it is true, as Miller indicates, that whether a work is obscene requires consideration of the work itself, that does not discount the significance of Miller's relationship to the victim because the Supreme Court has instructed that, for purposes of the prurient interest prong of obscenity, the work must be examined "as a whole." *Miller*, 413 U.S. at 24. In the specific circumstances of this case—a sexually explicit letter directed to a minor victim to whom the sender was related that describes sexually explicit acts between the sender and victim—the "whole" necessarily includes Miller's relationship to the recipient. *See United States v. Deason*, 965 F.3d 1252, 1262 (11th Cir. 2020) (explaining that the "taken as a whole" requirement "ensures . . . that the matter is placed in context so that the jury can properly determine whether the work as a whole appeals to the prurient interest").

Second, aside from the evidence's relevance to the elements of the offense, the evidence is a significant part of the "narrative integrity" of the Government's case. *Old Chief*, 519 U.S. at 183. If that narrative flow is interrupted by, *e.g.*, a stipulation, "the effect may be like saying, 'never mind what's behind the door,' and jurors may well wonder what they are being kept from knowing." *Id.* at 189. Stated differently, "[p]eople who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard." *Id.* Therefore, for the Government to tell a complete story of Miller's crime that "satisf[ies] the jurors'

expectations," *id.* at 188, the Government must tell the jury how he knew the victim before presenting the allegedly obscene letter that resulted from his contact with her. We thus find the evidence that Miller's victim was his sister to be highly probative.

B.

Turning to the unfair-prejudice prong of Rule 403, evidence that Miller sent sexually charged and predatory correspondence to his minor sister is clearly damaging to his defense. However, "damage to a defendant's case is not a basis for excluding probative evidence" because *all* "[e]vidence that is highly probative invariably will be prejudicial to the defense." *Grimmond*, 137 F.3d at 833. Instead, the prejudice must be "unfair." Fed. R. Evid. 403. And prejudice is unfair where it could convince the jury "into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. But here, rather than the evidence suggesting that Miller is guilty because, *e.g.*, he did a bad act in the past, the Government's proof relates directly to the offense charged, as explained above. That a jury may find the details of the offense egregious does not make the admission of those details unfair.

In support of his argument that the evidence would be unfairly prejudicial, Miller relies on *United States v. Ham*, 998 F.2d 1247 (4th Cir. 1993), where members of a Hare Krishna religious community were charged with RICO and mail fraud violations. *Id.* at 1249. At trial, the district court admitted evidence "of homosexuality, child molestation and abuse, and subordination of women within the community." *Id.* On appeal, this Court found that the evidence was unfairly prejudicial because the jurors could "convict a defendant based on the jurors' disdain or their belief that the defendant's prior bad acts

9

make guilt more likely." *Id.* at 1252. Moreover, the contested evidence was minimally relevant. Although some of it related to motive, it was not essential proof, and was used for impeachment as opposed to proving a required element of the crime. *Id.* at 1253. *Ham* is thus not analogous to this case, where the Government's evidence clearly relates to the obscenity and knowledge elements and to the immediate circumstances of the crime with which Miller is charged.

We therefore conclude that the probative value of the Government's evidence is not substantially outweighed by risk of unfair prejudice. Moreover, in view of the foregoing, we hold that the district court's error in excluding the evidence warrants reversal as a plain abuse of discretion. *See United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007) (explaining that "[a] district court abuses its discretion when it . . . commits an error of law").

Miller correctly asserts that the standard for reversing the district court's decision is a high one. *See Udeozor*, 515 F.3d at 265 (indicating that we may overturn a district court's Rule 403 determination only "under the most extraordinary circumstances, where [its] discretion has been plainly abused" (quoting *Williams*, 445 F.3d at 732)). However, this case presents those extraordinary circumstances based on the significance of the Government's evidence to the crime with which Miller is charged, the minimal risk of unfair prejudice, and the need to prevent the Government from being forced to stipulate to Miller's proffer of evidence. *See Bajoghli*, 785 F.3d at 964 (finding an abuse of discretion where the district court limited the Government's evidence such that Government could not offer sufficient proof of certain elements of the crime).

10

IV.

For the foregoing reasons, we conclude that the district court plainly abused its discretion in granting Miller's motion in limine to exclude evidence that the victim was Miller's fourteen-year-old sister.

*REVERSED AND REMANDED*