## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:21-cr-00261

**DARRIN ALONZO MILLER**

### UNITED STATES SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Now comes the United States of America, by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and submits the following proposed jury instructions.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By: /s/Jennifer Rada Herrald
JENNIFER Rada Herrald
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East, Rm 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: jennifer.herrald@usdoj.gov

1

**UNITED STATES SUPPLEMENTAL PROPOSED INSTRUCTION NO. 1**

**EXPLANATION OF "PRURIENT INTEREST" TEST**

In using these terms, the first test which must be applied by you in determining whether material is obscene, is "whether the average person, applying contemporary community standards, would find that the work taken as a whole, appeals to the prurient interest." Obscene material appeals to a "prurient interest" when it is directed or makes its appeal to an unhealthy or abnormally lustful or erotic interest, or to a lascivious or degrading interest, or to a shameful or morbid interest in nudity, sex, or excretion.

For purposes of assessing the work "as a whole," when the allegedly obscene work is a sexually explicit letter directed to a minor victim to whom the sender was related that describes sexually explicit acts between the sender and victim, the "whole" necessarily includes the sender's relationship to the recipient in order to place the activity described in the letter in proper context.

Prurient appeal is a reference to qualities of the material itself, and the type of interest to which it is directed. There is no requirement that the material would necessarily be found to sexually arouse the average person, or the triers of fact, or anyone else. The average person applies and is the judge, and not the object, of the test.

Though the jury must satisfy the statute in finding that the material as a whole appeals generally to a prurient interest in nudity, sex, or excretion, in making that determination the jury should measure the prurient appeal of the material as to all adult groups. In determining whether the average person, applying contemporary community standards, would consider certain materials "prurient," the jury may find that it would either stimulate the erotic or disgust and sicken the average adult. This prurient appeal requirement may be adjusted to social realities, however, by permitting the appeal of the material to be assessed in terms of the sexual interests of its intended and probable recipient group. If the jury finds that the material is designed for and primarily disseminated to a clearly defined deviant sexual group, rather than the public at large, the prurient appeal requirement is satisfied if the dominant theme of the material taken as a whole appeals to the prurient interest of the members of that group.

United States v. Miller, 61 F.4th 426, 431-32 (4th Cir. 2023); Roth v. United States, 354 U.S. 476, 487 n. 20 (1957); Ginzburg v. United States, 383 U.S. 463, 466-68 (1966); Mishkin v. New York, 383 U.S. 502, 508 (1966); Cohen v. California, 403 U.S. 15, 20 (1971); Splawn v. California, 431 U.S. 595, 597-98 (1977); Brockett v. Spokane Arcades, 472 U.S. 491, 498, n. 8, 501, 504-07 (1985); Polykoff v. Collins, 816 F.2d 1326, 1334-37 (9th Cir. 1987); United States v. Hamling, 481 F.2d 307, 322 (9th Cir. 1973), affd. 418 U.S. 87, 130 (1974); Ripplinger v. Collins, 868 F.2d 1043, 1051-54 (9th Cir. 1989); United States v. Guglielmi, 819 F.2d 451, 454-55 (4th Cir. 1987); United States v. Pryba, 678 F.Supp. 1225 (E.D. Va 1988); Hamling v. United States, 418 U.S. 87, 128-30 (1974); Pinkus v. United States, 436 U.S. 293, 301-03 (1978).

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "United States Supplemental Proposed Jury Instructions" have been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 6th day of June, 2023, to:

>Wesley P. Page
>Assistant Federal Public Defender
>300 Virginia St. E., Room 3400
>Charleston, WV 25301
>Wesley_page@fd.org

>s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV Bar No. 12181
>300 Virginia Street, East
>Room 4000
>Charleston, West Virginia 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: jennifer.herrald@usdoj.gov