IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                               Case No. 2:21-cr-00261

DARRIN ALONZO MILLER

DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION

COMES NOW Defendant, Darrin Alonzo Miller, by his counsel, Federal Public Defender Wesley P. Page, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure and Rule 2.01 of the Local Rules of Criminal Procedure, proposes the following additional jury instruction:

Defendant's Supplemental Instruction No. 1

Transferring Obscene Matter to a Minor

The Indictment charges that on or about June 22, 2020, at or near Parkersburg, Wood County, West Virginia, and within the Southern District of West Virginia, the defendant, Darrin Alonzo Miller, using the mail and any facility and means of interstate commerce, that is, the United States mail, attempted to and did knowingly transfer obscene matter to another individual, who had not attained the age of 16 years, knowing that the minor had not obtained the age of 16 years.

Mr. Miller has been charged with a violation of 18 U.S.C. § 1470, which states in relevant part, "Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has

not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so," is guilty of a crime against the United States.  18 U.S.C. § 1470.

In order to be found guilty of the offense of Transferring Obscene Matter to a Minor, the United States must prove each of the following elements beyond a reasonable doubt:

(1)  that Mr. Miller transferred, or attempted to transfer, obscene matter to another individual who had not attained the age of 16 years;

(2) that Mr. Miller knew the individual had not attained the age of 16;

(3) that Mr. Miller used the mail or any facility or means of interstate or foreign commerce; and

(4) that he did so knowingly.

The test for obscenity is:

(1) whether the average person applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest;

(2) whether the average person applying contemporary community standards would find that the work depicts or describes sexual conduct in a patently offensive way; and

(3) whether a reasonable person would find that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

To appeal to the prurient interest, the material must appeal to a shameful or morbid interest in nudity, sex, or excretion and also be patently offensive. Material that provokes only normal, healthy sexual desires is not obscene.

The average person, applying contemporary community standards, determines whether or not the work appeals to the prurient interest. The average person does not have to determine that the material appeals to the prurient interest of the average person.

In determining whether the work, taken as a whole, appeals to the prurient interest, you may consider only the document itself.  You may not consider evidence not found in the document itself, such as the relationship, if any, between the author and the intended recipient.

You can consider whether some portions of the material appeal to a prurient interest of a specifically defined deviant group as well as whether they appeal to the prurient interest of the average person.

The government must prove that the defendant had knowledge of the character of the matter being transferred.

The defendant's belief as to the obscenity or non-obscenity of the material is irrelevant.

The term "knowingly" means that an act was done voluntarily and intentionally and not because of mistake, accident, or other innocent reason.

If you find that all or any of the required elements are lacking from this case, then you must find Mr. Miller not guilty of the offense charged in the Indictment.

*Pope v. Illinois,* 481 U.S. 497, 501 (1987)

*Miller v. California,* 413 U.S. 15, 24 (1973)

*Hamling v. United States*, 418 U.S. 87, 105 (1974)

*United States v. Gravenhorst*, 377 F.3d 49, 51 (1st Cir. 2004)

*United States v. Guglielmi*, 819 F.2d 451, 455 (4th Cir. 1987)

Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases,
     District of South Carolina, § III at 292-93 (2018 Online Edition).

Respectfully submitted this 8th day of June, 2022.

**DARRIN ALONZO MILLER**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/ Wesley P. Page**
Wesley P. Page, Bar No. 10529
Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail:  wesley_page@fd.org